UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSEPH SPIRA
on behalf of himself and
all other similarly situated consumers

               Plaintiff,

-against-

COMPUTER CREDIT, INC.

               Defendant.

---

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Joseph Spira seeks redress for the illegal practices of Computer Credit, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Winston-Salem, North Carolina.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

1

## *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## *Allegations Particular to Joseph Spira*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about August 17, 2020 Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said August 17, 2020 letter, instead of it being sent to Plaintiff directly from its own offices, Defendant sent information regarding Plaintiff and the alleged debt to a commercial mail-house ("mail house").

12. As such, Defendant had disclosed to the mail house, the Plaintiff's status as a debtor and other highly personal pieces of information.

13. The mail house then populated much of Plaintiff's private information into a pre-written template, printed it, and mailed the letter to the Plaintiff's residence.

14. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

15. The sending of an electronic file containing information about Plaintiff's purported debt to a mail house is therefore a communication.

16. Defendant's communication to the mail house was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being

communication with and motivation of the consumer to pay the alleged debt.

17. Plaintiff never consented to having his personal and confidential information, concerning the debt or otherwise, shared with anyone else.

18. Section 15 U.S.C. 1692c(b) of the FDCPA states:

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the **consumer, his attorney, a consumer reporting agency** if otherwise permitted by law, **the creditor, the attorney of the creditor, or the attorney of the debt collector**." (emphasis added).

19. The mail house used by Defendant as part of its debt collection efforts against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. § 1692c(b).

20. Due to Defendant's communication to this mail house, information about the Plaintiff, including his name, the amount allegedly owed, and his home address are all within the possession of an unauthorized third-party.[1]

21. Defendant unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

22. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive and personal information to an unauthorized third-party has on consumers. See Hunstein v. Preferred Collection & Mgmt. Servs., Case No. 8:19-cv-983-T-60SPF (M.D. Fla. Oct. 29, 2019) (Preferred's transmittal to Compumail included specific details regarding Hunstein's debt: Hunstein's status as a debtor, the precise

---

[1] Brown v. Van Ru Credit Corp., 804 F.3d 740, 743 (6th Cir. 2015). If a debt collector ("conveys information regarding the debt to a third party - informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information.")

amount of his debt, the entity to which the debt was owed, and the fact that the debt concerned his son's medical treatment, among other things. It seems to us inescapable that Preferred's communication to Compumail at least "concerned," was "with reference to," and bore a "relationship [or] association" to its collection.)

23. Defendant violated 15 U.S.C. § 1692c(b) for disclosing information about Plaintiff's alleged debt to the employees of an unauthorized third-party mail house in connection with the collection of the debt.

24. Defendant violated 15 U.S.C. § 1692f by using unfair means in connection with the collection a debt, to wit, knowingly disclosing sensitive and personal information about Plaintiff, to third parties not expressly authorized under the FDCPA.

25. Apparently, something went woefully wrong with Defendant's mail house company's mailing of the collection letters.

26  Upon information and belief, either the defendant failed to instruct the mailing company properly or the mailing company failed to act properly.

26. The plaintiff's receipt of August 17, 2020, upon information belief, appears to be the second letter in the Defendant's letter series.

27. However, Plaintiff received the August 17, 2020 letter first.

28. Plaintiff received the August 3, 2020 (text of an initial letter) on or about September 2, 2020.

29. Plaintiff received the validation notice more than five days later from receipt of the August 17, 2020 letter as Plaintiff received the said August 17, 2020 on or about August 24, 2020.

30. Plaintiff received the assumed third letter in the series dated August 31, 2020 on or about September 7, 2020.

4

31. The letters are appended to the complaint in the order of receipt.

32. Said letter states in part: "You have received previous notification from this office regarding your debt to Maimonides Medical Center."

33. Said statement if false.

34. Plaintiff had not received prior notification.

35. Said letter states in part: "Computer Credit, Inc., strongly advises you to make payment in order to resolve your overdue balance of $1,317.75. We are a debt collector and we expect your cooperation."

36. The vagueness of said language causes the consumer to be falsely threatened that failure to make payment will cause the consumer to be deemed to have failed to cooperate with the debt collector.

37. Where the debt is over $1000.00, the consumer could be believed that there will be adverse consequences for lack of cooperation.

38. The failure to make payment merely leads to further collection letters.

39. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

40. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

41. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

42. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

43. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

44. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

45. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

46. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

47. As an actual and proximate result of the acts and omissions of Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

48. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty seven (47) as if set forth fully in this cause of action.

49. This cause of action is brought on behalf of Plaintiff and the members of a class.

50. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff dated August 17, 2020; and (a) the collection letter was sent

to a consumer seeking payment of a personal debt purportedly owed to Maimonides Medical Center; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692c(b) and 1692f for disclosing information about Plaintiff's alleged debt to the employees of an unauthorized third-party mail house in connection with the collection of the debt and for using unfair means in connection with the collection a debt.

51. A sub-class exists for those class members who received the letters out of order as described herein where the Plaintiff asserts violations of 15 USC 1692e(10) and 1692g.

52. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.*, the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and

collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

53. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

54. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

55. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

56. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

57. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
July 6, 2021

  /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

  /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

# Computer Credit, Inc.

## IMPORTANT NOTICE

August 17, 2020

CLAIM DEPT 006210 . 7996 North Point Blvd . PO Box 5238 . Winston-Salem, NC . 27113-5238 . 877-284-1875

014  CT8  1112
Joseph Spira
For: Spira, Ezriel
1363 40Th St
Brooklyn, NY 11218-3503

### PROVIDER DETAIL

**Maimonides Medical Center**

You may call Patient Accounts Customer Service
(718) 283-6740
Office Hours 8:00 am - 5:00 pm EST
Pay Online: maimonidesmed.ixt.com

Serial No.      502465758
Reference:      2020-02-04 P#2223100 2002217834 O

**PAST DUE AMOUNT:   $1,317.75**

Dear Joseph Spira:

You have received previous notification from this office regarding your debt to Maimonides Medical Center, your creditor. Our records indicate you still have not paid this debt nor have you made satisfactory arrangements to do so.

Computer Credit, Inc. strongly advises you to make payment in order to resolve your overdue balance of $1,317.75. We are a debt collector and we expect your cooperation.

This letter is sent to you in an attempt to collect this debt and to serve notice that any information obtained will be used for that purpose. Computer Credit, Inc. is a debt collector. We are licensed by the New York City Department of Consumer Affairs, License Number 1247311.

C. Jordan
Director of Operations

*Partial payments will not stop the collection process. You may call the creditor to discuss your specific situation.*

*Financial assistance may be available to those who qualify. To determine if you are eligible you may contact the hospital at 718-283-6740 or visit www.Maimonidesmed.org>For Patients & Visitors>Financial Assistance.*

---

To pay securely
www.informationcci.com

OR


Toll free: 1-855-SELFPAY
(1-855-735-3729)

USE ➤ Reference Number
0340 5879 175

*Return this portion with your payment*

| IF PAYING BY CREDIT CARD. PLEASE FILL OUT BELOW |
|---|
| ☐ VISA   ☐ MasterCard   ☐ DISCOVER   ☐ AMEX |
| CARD NUMBER                    EXP DATE |
| SECURITY CODE                  AMOUNT |
| SIGNATURE |
| PRINT CARDHOLDER'S NAME |
| BILLING ADDRESS               BILLING ZIP CODE |

GUARANTOR     Joseph Spira
Reference:    2020-02-04 P#2223100  2002217834O
SERIAL NO:    502465758
AMOUNT DUE    $1,317.75

**You may make check payable to:**

Maimonides Medical Center
Attn: Patient Accounts
P.O. Box 417629
Boston, MA 02241-7629

Computer Credit, Inc.
405879175

TB   Z=0003662   1112

**Computer Credit, Inc.**
CLAIM DEPT 006210 . 7996 North Point Blvd . PO Box 5238 . Winston-Salem, NC . 27113-5238 . 877-284-1875

**IMPORTANT NOTICE**

August 03, 2020

013  CT6  1032
Joseph Spira
For: Spira, Ezriel
1363 40Th St
Brooklyn, NY 11218-3503

**PROVIDER DETAIL**

**Maimonides Medical Center**

You may call Patient Accounts Customer Service
(718) 283-6740
Office Hours 8:00 am - 5:00 pm EST
Pay Online: maimonidesmed.ixt.com

Serial No.     502465758
Reference:     2020-02-04 P#2223100 2002217834 O

**PAST DUE AMOUNT:     $1,317.75**

**PLEASE SEE IMPORTANT NOTICE ON BACK**

Dear Joseph Spira:

Your overdue balance with your creditor Maimonides Medical Center has been referred to Computer Credit, Inc. (also referred to in this letter as CCI) for collection. Our records indicate that this debt is your responsibility. This letter will serve to inform you that your account remains unpaid and we expect resolution of your obligation to the hospital. Computer Credit, Inc. is a debt collector. We are licensed by the New York City Department of Consumer Affairs, License Number 1247311.

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify our office that you dispute the validity of this debt or any portion thereof within 30 days of receiving this letter, we will assume that the debt is valid and expect it to be paid.

Pay the amount due to prevent further collection activity by Computer Credit, Inc. We appreciate your attention to this matter.



C. Jordan
Director of Operations

*Partial payments will not stop the collection process. You may call the creditor to discuss your specific situation.*

*Financial assistance may be available to those who qualify. To determine if you are eligible you may contact the hospital at 718-283-6740 or visit www.Maimonidesmed.org>For Patients & Visitors>Financial Assistance.*

---

To pay securely
www.informationcci.com

OR

Toll free: 1-855-SELFPAY
(1-855-735-3729)

USE ➡ Reference Number
0340 5879 175

*Return this portion with your payment*

| IF PAYING BY CREDIT CARD, PLEASE FILL OUT BELOW |
|---|
| ☐ VISA   ☐ MasterCard   ☐ DISCOVER   ☐ AMEX |
| CARD NUMBER                          EXP DATE |
| SECURITY CODE                        AMOUNT |
| SIGNATURE |
| PRINT CARDHOLDER'S NAME |
| BILLING ADDRESS                      BILLING ZIP CODE |

Computer Credit, Inc.
405879175

76   Z=0003364   1032

GUARANTOR     Joseph Spira
Reference:    2020-02-04 P#2223100  2002217834O
SERIAL NO:    502465758
AMOUNT DUE    $1,317.75

You may make check payable to:

Maimonides Medical Center
Attn:  Patient Accounts
P.O. Box 417629
Boston, MA 02241-7629



# Computer Credit, Inc.

## COLLECTION NOTICE

August 31, 2020

CLAIM DEPT 006210 . 7996 North Point Blvd . PO Box 5238 . Winston-Salem, NC . 27113-5238 . 877-284-1875

009  CTB  1074
Joseph Spira
For: Spira, Ezriel
1363 40Th St
Brooklyn, NY 11218-3503

### PROVIDER DETAIL

**Maimonides Medical Center**

You may call Patient Accounts Customer Service
(718) 283-6740
Office Hours 8:00 am - 5:00 pm EST
Pay Online: maimonidesmed.ixt.com

Serial No.      502465758
Reference:      2020-02-04 P#2223100 2002217834 O

**PAST DUE AMOUNT:   $1,317.75**

Dear Joseph Spira:

IMPORTANT MESSAGE: Your overdue balance with your creditor Maimonides Medical Center remains unpaid, despite our previous communication with you. As a collection agency, we expect resolution of your debt. Computer Credit, Inc. is a debt collector. We are licensed by the New York City Department of Consumer Affairs, License Number 1247311.

By sending you this letter, Computer Credit, Inc. is attempting to collect your debt, and any information obtained will be used for that purpose. Resolution of this balance is your responsibility. You may contact Maimonides Medical Center or Computer Credit, Inc. to resolve your obligation.

C. Jordan
C. Jordan
Director of Operations

*Partial payments will not stop the collection process. You may call the creditor to discuss your specific situation.*

*Financial assistance may be available to those who qualify. To determine if you are eligible you may contact the hospital at 718-283-6740 or visit www.Maimonidesmed.org>For Patients & Visitors>Financial Assistance.*

  

To pay securely
www.informationcci.com
OR
Toll free: 1-855-SELFPAY
(1-855-735-3729)
USE
Reference Number
0340 5879 175

*Return this portion with your payment*

---

IF PAYING BY CREDIT CARD, PLEASE FILL OUT BELOW
☐ VISA    ☐ MasterCard    ☐ DISCOVER    ☐ AMEX
CARD NUMBER                          EXP DATE
SECURITY CODE                        AMOUNT
SIGNATURE
PRINT CARDHOLDER'S NAME
BILLING ADDRESS                      BILLING ZIP CODE

Computer Credit, Inc.      TB    Z=0001922   1074
405879175

GUARANTOR      Joseph Spira
Reference:     2020-02-04 P#2223100  2002217834O
SERIAL NO:     502465758
AMOUNT DUE     $1,317.75

*You may make check payable to:*

Maimonides Medical Center
Attn:  Patient Accounts
P.O. Box 417629
Boston, MA 02241-7629